UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DENNIS ANDERSON,

    Plaintiff,
v.                     Case No. 09-CV-425

QUAD/GRAPHICS INC. GROUP DISABILITY
INCOME INSURANCE PLAN,

    Defendant.
_____

# ORDER

Presently before the court is a motion to vacate the scheduling order in this case and to declare the standard of review for this action. For the reasons provided in this order, the motion will be denied. The court begins by providing the factual and procedural background that precipitated the instant motion.

## BACKGROUND

The plaintiff, Dennis Anderson ("Anderson"), is a former employee of Quad/Graphics, Inc. ("Quad/Graphics"), having worked for the company from 1981 until 2001. The company provided to its eligible employees, including Anderson, long-term disability insurance coverage and benefits through a plan known as the "Quad Graphics, Inc. Group Disability Income Insurance Plan" ("Plan"). The Summary Plan Description ("SPD") that Quad/Graphics provided to Anderson states, in relevant part, that the Plan is administered by the company "through an insurance

contract purchased from CNA Group Life Assurance Company."[1]  Moreover, the SPD provides that "with respect to making benefit decisions, the Plan Administrator has delegated sole discretionary authority to Continental Casualty Company to determine . . . eligibility for and entitlement to benefits under the Plan and to interpret the terms and provisions of any insurance policy issued in connection with the Plan." In August of 2001, the plaintiff suffered a stroke.  Soon after, Continental Casualty Company approved his claim for disability benefits.

In November of 2004, Anderson was informed that the Hartford Life and Accident Insurance Company ("Hartford") had acquired the "CNA Group Benefits," including the insurance contract that helped facilitate the Plan.  On August 28, 2008, Hartford sent a letter to the plaintiff stating that the company was terminating his long term disability benefits.  The plaintiff administratively appealed the denial of his benefits, but was unsuccessful.  As a result, on April 24, 2009, the plaintiff filed a complaint against the defendant pursuant to the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, seeking to recover long-term disability benefits he contends are due to him under the terms of the Plan. (Docket #1).

Five months later, on September 24, 2009, the parties submitted a report pursuant to Fed. R. Civ. P. 26(f) that outlined the proposed discovery plan for the litigation and imposed deadlines regarding: (1) the amendment of pleadings; (2) discovery; and (3) the submission of dispositive motions. (Docket #24).  On

---

[1] CNA Group Life Assurance Company was a subsidiary of the Continental Casualty Company.

September 30, 2009, this court issued an order setting the followings dates, as proposed by the parties, as deadlines in the case: (1) amendment of pleadings by October 16, 2009; (2) discovery by December 18, 2009; and (3) dispositive motions by February 26, 2010. (Docket #25). Moreover, the court's September 30, 2009 order stated that the "court will not grant more than one amendment of this scheduling order . . . and then only if good cause is shown upon motion or stipulation of the parties filed with the clerk of the court not less than 60 days prior to the expiration of any cutoff date sought to be modified." (Docket #25). A month before dispositive motions were due in this case and more than a month after the period for discovery had passed, the plaintiff filed a motion for the court to: (1) declare "that the standard of review in this matter is *de novo*"; and (2) issue an "order vacating the current scheduling order and setting a new scheduling conference so the parties can conduct compete [sic] discovery for trial on the issues in this case." (Docket #27). With the benefit of the parties' briefs, the court is prepared to address both of the issues raised by the plaintiff's motion.

## DISCUSSION

### A. Declaring the Standard of Review

The plaintiff first asks this court to "declare" that the standard of review in this case is *de novo* review. Anderson does not indicate in his motion what procedural vehicle he is using to have the court "declare" what the standard of review is in this case. The court construes the plaintiff's request as a motion for a partial summary judgment, as the plaintiff is asking this court to decide a particular issue of law in

-3-

advance of trial. *See Jacobson v. Countrywide Fin. Corp. Change in Control Severance Plan*, No. CV 09-4971, 2010 U.S. Dist. LEXIS 44260 at *1-2 (C.D. Cal. Apr. 6, 2010) (finding that a "motion for determination of standard of review" in an ERISA case constituted a motion for partial summary judgment, requiring the parties to submit findings of facts under the court's scheduling order); *see generally Minority Police Officers Ass'n of South Bend v. City of South Bend, Ind.*, 721 F.2d 197, 200 (7th Cir. 1983) ("The word judgment in the term partial summary judgment is a misnomer. A partial summary judgment is merely an order deciding one or more issues in advance of trial . . ."); Notes of Advisory Committee on Rules, 1946 Amendment to Subdivision (d) of Rule 56 ("The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case") (citing *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 217 (7th Cir. 1946) and *Leonard v. Socony-Vacuum Oil Co.*, 130 F.2d 535, 537 (7th Cir. 1930)). Moreover, a partial summary judgment is a proper method by which a court may declare the standard of judicial review in ERISA litigation. *See, e.g., Hancock v. Metro. Life Ins. Co.*, 590 F.3d 1141, 1145 (10th Cir. 2009); *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1249 (9th Cir. 1998). Given that the plaintiff's motion constitutes a partial summary judgment motion, the court is obliged to deny the plaintiff's motion without prejudice, as the motion does not comply with the court's local rules: every motion for summary judgment must contain a statement of "any material facts to which all parties have stipulated" and a statement of "proposed

material facts as to which the moving party contends there is no genuine issue." Civil. L.R. 56(b).

Adherence to the local rule is particularly important for the issue in question. The plaintiff contends that the court should use a *de novo* standard of review to scrutinize the decision to deny Mr. Anderson's long-term disability benefits.[2] To determine whether the plaintiff is correct, the court will have to determine the authority that Hartford had to discontinue the plaintiff's benefits. The United States Supreme Court has held that the denial of ERISA benefits is to be reviewed *de novo* unless the policy gives the plan administrator or fiduciary the authority to determine eligibility for benefits or to construe the terms of the policy and the participants have notice that such power was given. *Firestone Tire & Rubber Co. v. Brunch*, 489 U.S. 101, 115, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989). Where an administrator or fiduciary is "given discretion to interpret the provisions of the plan, the administrator's decisions are reviewed using the arbitrary and capricious standard." *Wetzler v. Ill. CPA Soc'y & Found. Ret. Income Plan*, 586 F.3d 1053, 1057 (7th Cir. 2009). As such, the court will need to be fully apprised of the facts related to the question of whether Hartford had the discretion to deny Mr. Anderson's benefits.

The plaintiff's ultimate contention is that the "SPD provides discretion to pay or deny benefits solely to Continental Casualty Company, not Hartford." (Pl.'s Br.

---

[2] If the denial of benefits decision by the administrator is not reviewed under the *de novo* standard of review, the court will use the arbitrary and capricious standard where an administrator's interpretation is given great deference and will not be disturbed if it is based on a reasonable interpretation of the plan's language. *Russo v. Health, Welfare & Pension Fund*, 984 F.2d 762, 765 (7th Cir. 1993).

6). Without deciding the issue, the court notes that under ERISA case law, a successor corporation to the administrator of a plan or the fiduciary of the plan "steps into the shoes" of its predecessor and acquires the obligations and powers conferred by the plan.[3] *Teamsters Pension Trust Fund v. Littlejohn*, 155 F.3d 206, 208 (3d Cir. 1998); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 960 (9th Cir. 2006) ("The life insurance policy under the plan was originally issued by Home Life Financial Assurance Company . . . Alta is the successor in interest to Home Life's rights and responsibilities"); *Giannone v. Metro. Life Ins. Co.*, 311 F. Supp. 2d 168 (D. Mass. 2004) ("When MetLife, pursuant to a court-ordered liquidation, acquired all of the assets and liabilities of GenAm, it stepped into GenAm's shoes, and in so doing acquired all of the powers conferred by the Plan on GenAm, including the discretionary authority to make benefits decisions"); *see generally Schnur v. Ctc Communs. Corp. Group Disability Plan*, No. 05-CV-2397, 2010 U.S. Dist. LEXIS 31282, at *28 n.3 (S.D.N.Y. Mar. 29, 2010) ("Courts have frequently found that successors-in-interest succeed to any deference granted to the original administrator by the terms of the Plan.") Moreover, the overwhelming number of district courts that have examined the very question at issue in this case have found that Hartford became the "successor in interest" to Continental, acquiring the discretionary powers

---

[3] The cases of *Samaritan Health Ctr. v. Simplicity Health Care Plan,* 516 F. Supp. 2d 939 (E.D. Wis. 2007), and *Bemi v. MEGTEC Sys.*, 676 F. Supp. 2d 767 (E.D. Wis. 2009), cited repeatedly by the plaintiff, do not reach the issue of when one party is the successor in interest to an administrator of a plan. Rather, those cases involve determining the appropriate standard of review when a third party, who has no authority whatsoever, renders a final determination regarding the claimant's eligibility for benefits in lieu of the actual administrator.

-6-

conferred to Continental under a given plan. *See generally Williams v. Hartford Life & Accident Ins. Co.,* No. C2-08-128, 2009 WL 3127761, at *8 (S.D. Ohio Sept. 25, 2009) ("[S]everal courts have recognized Hartford's role as successor in interest to the Continental policies and specifically noted the transfer of assets and liabilities to Hartford, including the discretionary authority to interpret the terms of Continental's policies"); *see also Hunley v. Hartford Life & Accident Ins. Co.*, No. 8:08-cv-2008-T-17AEP, 2010 U.S. Dist. LEXIS 40701, at *24 (M.D. Fla. Apr. 26, 2010) ("Because Hartford purchased all of the rights and obligations of the Plan in the Stock Agreement, it acquired discretionary authority to administer the plan"); *Simonia v. Hartford Ins. Co.*, 606 F. Supp. 2d 1091, 1096 (C.D. Cal. 2009) (finding that because Hartford acquired Continental's policies "*in toto*" Hartford had the authority to determine eligibility for benefits); *Stewart v. Continental Casualty Co.*, No. CV-08-919-RGK (SSx), 2006 U.S. Dist. LEXIS 98342, at *14-15 (C.D. Cal. Dec. 13, 2006) ("Hartford stepped into the shoes of CNA and assumed the rights and obligations attached to its business . . . when Hartford purchased the insurance contract from CNA, discretionary authority transferred from CNA to Hartford.")[4] However, all of the courts that ruled on the issue did so at the summary judgment stage of the proceedings where the courts were fully informed regarding Hartford's transaction with Continental. *Williams,* 2009 WL 3127761, at *8 ("*Weidauer . . .* is distinguishable . . . the administrative record [in that case] contained no evidence

---

[4] Many more cases exist making the same conclusion. The court will not cite to them all, as the defendant's brief to the court more than adequately apprised the court of the current case law. (Def's Resp. Br. 20-23).

-7-

that either Broadside or Aetna was given a clear grant of discretion because the parties did not provide proof that all of Kemper's assets and obligations were transferred to . . . subsequent corporations.")

In fact, the only case this court could find in which a court reviewing the exact issue at hand allowed *de novo* review was in *Sullivan v. Cont'l Cas. Co.*, No. 05-CV-491, 2006 U.S. Dist. LEXIS 49932 (M.D. Fla. July 21, 2006).[5] In that case, Judge Corrigan concluded that the "record and pleadings before the Court" in that case were "inadequate for defendant to prove that The Hartford indeed assumed the responsibilities of Continental Casualty pursuant to any sale of assets," as the defendant in that case relied solely on: (1) an updated notice sent to the plaintiff informing him that Hartford was responsible for communicating with plaintiff and paying his claim; and (2) an unidentified handwritten note at the top of plaintiff's claim. *Id.* at *36. In *Sullivan*, the court found that while "Hartford could very well be a successor in interest to Continental Casualty," the defendant failed to make such a showing, emphasizing the need for the parties in this case to properly present the facts propelling the present motion before the court. Given the procedural infirmities with the present motion, the parties are afforded an opportunity, if the issue remains

---

[5] The court notes that the plaintiff did not cite to any cases to counter the defendant's argument. Instead, the plaintiff contended that: (1) the defendant did not have any evidence to support its claim regarding Hartford's acquisition of Continental Casualty Company's policies; and (2) the fact that Continental Casualty Company still exists in some form indicates that Hartford could not be the successor in interest to Continental's powers under the Plan. (Pl's Rep. Br. 4-5). These arguments can all be resolved more easily if the court is provided with evidence that Hartford was or was not given a "clear grant" of discretion to make benefits determinations because of its transaction with Continental.

-8-

in dispute after this order and if the parties wish to file summary judgment motions, to fully apprise the court of the facts regarding whether Hartford had the discretionary authority to terminate Mr. Anderson's benefits.

### B. Vacating the Scheduling Order

In addition to the plaintiff's request to have this court declare that this case is subject to *de novo* review, the plaintiff is also asking this court to issue an "order vacating the current scheduling order and setting a new scheduling conference so the parties can conduct compete [sic] discovery for trial on the issues in this case." (Docket #27). However, the plaintiff's motion to expand the dates in which discovery can occur was filed on January 26, 2010, more than a month after the deadline for discovery set by this court's September 30, 2009 scheduling order passed.[6] Fed. R. Civ. P. 6(b)(1)(B) states that the court may retroactively grant a motion to extend the time for when an act may or must be done by "if the party has failed to act because of excusable neglect." *See also Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005) (holding that a party requesting an extension of time to complete discovery after the deadline is required to show excusable neglect). A court determines whether a party has failed to act because of "excusable neglect" by considering the relevant circumstances surrounding the party's omission. *Robb v. Norfolk & W. Ry. Co.,* 122 F.3d 354, 362 (7th Cir. 1997). The Supreme Court, in

---

[6] Moreover, the court's scheduling order stated that if a party wished to amend the scheduling order that party was required to file a motion sixty days prior to the expiration of any cutoff date. Hence, Mr. Anderson's motion is woefully late by more than three months.

-9-

Case 2:09-cv-00425-JPS   Filed 06/21/10   Page 9 of 12   Document 35

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), provided a list of factors for a court to consider in evaluating whether "excusable neglect" exists, including "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Here, the court concludes that the plaintiff has not demonstrated that "excusable neglect" exists, such that the court can retroactively extend the period of time for discovery. The plaintiff argues that more time for discovery is needed: (1) to further the record if the court finds that *de novo* review is appropriate; and (2) to determine whether a conflict of interest exists with regard to Hartford's role in making the benefits eligibility determination if the court does not find that *de novo* review applies. The subject areas that the plaintiff wants to explore in discovery may be valid areas of legal inquiry, but the plaintiff should have conducted such discovery during the period allotted by the court.[7] Mr. Anderson does not even attempt in his two briefs to the court to explain why his belated request was the result of excusable neglect. The closest the plaintiff comes to proffering an argument that excusable neglect exists is his allegation that the "defendant misrepresented that [Hartford] had acquired Continental Casualty Company," which supposedly lured the plaintiff into believing that *de novo* review was inapplicable. The plaintiff's allegation, of course,

---

[7] Moreover, if the period for discovery was inadequate, the plaintiff should have moved for an amendment to the scheduling order *during* the discovery period.

-10-

does not provide reason why the plaintiff's attorney did not explore the question of whether a conflict of interest exists during the discovery period in this case, as that issue is unrelated to the issue of whether Hartford had *any* authority to make eligibility determinations. Moreover, the plaintiff's attorney's argument is merely an attempt to cast blame on the defendant's attorney, instead of accepting his own failure. The record indicates that the defendant's counsel contended to the plaintiff's attorney at the time of the Rule 26(f) conference that the standard of review in this case would be the "arbitrary and capricious" standard. While the court does not rule on what the appropriate standard of review is in this order, the defendant's attorney's statements to his opposing counsel do not appear to be attempts to mislead, as the defendant's attorney's claim regarding the standard of review was well-grounded in the case law as this court noted earlier in this order. The plaintiff's attorney, instead of looking at the administrative record, which he had possession of well before the complaint was filed in this case, and researching the appropriate case law, opted to blindly accept the defendant's assertions on what the standard of review was. The plaintiff's attorney's own failure to properly investigate the nature of the claim in the complaint does not constitute a legitimate reason for the delay in filing the motion. The lack of a valid excuse for asking for the retroactive extension of time for discovery, coupled with the fact that reopening discovery for an indefinite period of time would tremendously delay the finality of this litigation, compels this court to deny the plaintiff's motion in its entirety. *Spears v. City of Indianapolis*, 74 F.3d 153, 157

-11-

Case 2:09-cv-00425-JPS   Filed 06/21/10   Page 11 of 12   Document 35

(7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored.")

Finally, the court notes that the plaintiff's motion to "vacate the scheduling order and declare this case subject to *de novo* review" (Docket #27) was filed before the dispositive motion deadline in this case. In the midst of the briefing on the instant motion, the date that the parties had to file dispositive motions passed. As such, the court sets a new deadline of August 1, 2010, by which the parties can file dispositive motions. No further extensions will be granted.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to "vacate scheduling order and declare this case is subject to *de novo* review" (Docket #27) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that all dispositive motions shall be filed on or before **August 1, 2010**. No further extensions will be granted.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge